428

Merrimack,
No. 4535.

IDA R. SANBORN & a.

v.

ALICE R. JOHNSON & a.

Argued December 5, 1956.

Decided January 31, 1957.

*Herbert W. Rainie* (by brief and orally), for Ida R. Sanborn.

*John W. Stanley, Jr.* (by brief and orally), for Alice R. Johnson.

*Russell H. McGuirk* for Dalton E. Smart.

GOODNOW, J.   The sole contention of the defendant Smart in this court is that "he has been denied a hearing on the supplemental petition" and that his exception to the decree should be sustained since he has had no opportunity to raise the question of whether "want of jurisdiction" or "fraud in procuring" the original decree should prevent its enforcement.   An examination of the record does not support his position.

The hearing in connection with the supplemental petition commenced as a hearing on Smart's motion to dismiss, the contents of which are not before us.   Counsel for Smart was present, appearing specially, and counsel for Alice R. Johnson was present in her behalf.   The matter was heard on statements of counsel, Smart's attorney assigning as reasons for the granting of the motion that "Alice R. Johnson is [not] a proper moving party" and that Smart "is entitled to compensation" before title to the property is taken from him.   During the course of the arguments, the Court pointed out that the decree in the original action was in favor of Alice R. Johnson and required a conveyance to her by Smart, that the question of compensation for Smart had been raised and decided adversely to him in that action and that no appeal having been

taken, the findings and decree had become final. The motion to dismiss was denied.

Whether jurisdiction over Smart as a nonresident, conferred by his general appearance entered in connection with the original bill in equity, did or did not continue as to the supplemental petition, it is evident that his special appearance as to the latter petition was waived. In support of his motion to dismiss, he raised no question of lack of jurisdiction because of notice, service or residence. See *Lyford* v. *Academy*, 97 N. H. 167, 168. By advancing the arguments that he did, Smart took the chance of succeeding in securing a dismissal of the petition on those grounds and could not at the same time reserve his rights as a nonresident on the jurisdictional question. *Dolber* v. *Young*, 81 N. H. 157, 159; *Rosenblum* v. *Company*, 99 N. H. 267, 270.

The hearing on the motion to dismiss concluded with an inquiry by Smart's counsel whether the hearing was on the merits of the supplemental petition and the Court's reply: "It's a hearing on your . . . motion to dismiss which I am going to deny." Smart's counsel then commenced a discussion of another motion filed by him seeking to take the deposition of Alice R. Johnson, arguing in support of it that the issue raised by the original action was not decided. "We think if we take her deposition it would be apparent it's not over. She never came into this court . . . . I don't think that she knows a thing about it." The motion was denied and the Court, again pointing out that no appeal had been taken in the original action, stated: "I am going to make a decree perfecting the title in Alice R. Johnson." To this counsel for Smart noted his exception.

It seems evident that Smart was not denied a hearing on the merits of the supplemental petition. After denial of his motion to dismiss, he chose to continue with the hearing by seeking an order of the Court that the deposition of Alice R. Johnson be taken. After denying this second motion, the Court made it abundantly clear that it was making a decree on the merits of the supplemental petition. To this decision, counsel for Smart did no more than "note my exception." At no time did he assert any desire or basis for a further hearing on the merits. See *DiPietro* v. *Lavigne*, 98 N. H. 294. No testimony of witnesses was sought to be introduced nor was any postponement for that purpose requested. The question of jurisdiction was not mentioned, but was raised for the first time in this court. If it was intended that an issue of fraud in

procuring the original decree be raised, as now asserted, the motion to take the deposition of Alice R. Johnson did not evidence it. The exception noted was to the decree of the Court and not to the procedure adopted in considering the supplemental petition on its merits. In this he acquiesced without objection and cannot now complain. *Vidal* v. *Errol,* 86 N. H. 585, 586.

*Exceptions overruled.*

All concurred.